Zheng v. Holder

BIA
Cheng, IJ
A095 708 510

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

YOU HUI ZHENG,
> *Petitioner,*

v.                            12-327

                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Troy Nader Moslemi, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Allison Frayer, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

You Hui Zheng, a native and citizen of the People's Republic of China, seeks review of a December 29, 2011, order of the BIA affirming the March 5, 2010, decision of Immigration Judge ("IJ") Mary Cheng denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re You Hui Zheng*, No. A095 708 510 (B.I.A. Dec. 29, 2011), *aff'g* No. A095 708 510 (Immig. Ct. N.Y. City Mar. 5, 2010).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As Zheng did not allege that she was persecuted in the past, she bore the burden of proving that she has a well-

2

founded fear or likelihood of future persecution on account of a protected ground. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *accord* 8 C.F.R. §§ 1208.13(b)(2) (asylum), 1208.16(b)(2) (withholding of removal). Contrary to Zheng's assertion, the agency reasonably concluded that she failed to demonstrate that her claimed fear of harm based on her illegal departure from China was on account of a protected ground. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) (concluding that fear of punishment for violating a generally applicable criminal statute alone is not persecution on account of a protected ground); *see also Matter of Sibrun*, 18 I&N Dec. 354, 359 (B.I.A. 1983) (finding that "the possibility that the applicant may be subjected to criminal prosecution and perhaps severe punishment as a result of his illegal departure ... does not demonstrate a likelihood of persecution under the [Immigration and Nationality] Act").

Moreover, the agency reasonably found that the country conditions evidence in the record demonstrated that Zheng's fear of persecution was not objectively reasonable, as the evidence indicated that the Chinese government rarely imposes fines against individuals who have departed the

3

country illegally and contains no report that such individuals suffer physical abuse. *See Ramsameachire*, 357 F.3d at 178; *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record for [petitioner's] assertion that he will be subjected to [persecution], his fear is speculative at best"). As a failure to establish a well-founded fear or clear probability of persecution was dispositive of Zheng's claims for asylum and withholding of removal, we decline to reach her additional challenges to the agency's denial of that relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Furthermore, as Zheng's claim for CAT relief relied on the same country conditions evidence, which does not show that citizens who depart China illegally face torture upon return, the agency did not err in denying that relief. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk